UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FRANCISCO TOMAS FRANCISCO GONZALEZ,

Petitioner,

v.

OTAY MESA DETENTION CENTER; MARKWAYNE MULLIN; TODD BLANCHE; TODD LYONS; JESUS ROCHA; and JEREMY CASEY,

Respondents.

Case No.: 3:26-cv-5526-JES-GC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 6]**

Before the Court is Petitioner Francisco Tomas Francisco Gonzalez' ("Petitioner") Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on October 9, 2026. ECF No. 6 ("FAP"). Pursuant to the Court's Order to Show Cause, Respondents filed a Return to the Petition (ECF No. 8, "Return") and Petitioner filed a Traverse (ECF No. 9, "Trav."). This Court then issued an Order for Supplemental Briefing requesting additional information about the terms of Petitioner's prior release, the circumstances of his re-detention, and the status of his current removal proceedings. ECF No. 10. Respondents then submitted additional briefing (ECF No. 11, "Supp. Brief") and Petitioner filed a Response (ECF No. 12, "Resp. to Supp. Brief"). For the reasons set forth below, the Court **GRANTS** the petition.

## I. BACKGROUND

The following facts are alleged in the Petition and are not contested by Respondents. Petitioner, a citizen of Guatemala, entered the United States with his five-year-old daughter in May 2019. FAP at 2. They were detained and then released from detention on their own recognizance, with no accompanying reporting requirements, in order to pursue an asylum claim. *Id.*; Supp. Brief at 1.

For the following six years, Petitioner remained at liberty in the United States and attended all his immigration court hearings. FAP at 2. During this time an immigration judge ("IJ") informed Petitioner that his removal proceedings would be administratively closed because Petitioner and his daughter were a "low priority" for removal. *Id.*

On August 9, 2026, Petitioner was arrested and booked in the San Diego County Jail for driving under the influence ("DUI") and driving without a license. Return at 2; Supp. Brief at 2. After Petitioner was released from jail, he was taken into immigration custody. Supp. Brief at 2. He is currently detained at Otay Mesa Detention Center. Return at 2.

Petitioner received a bond hearing on August 17, 2026. *Id.* The IJ denied Petitioner bond based on his recent DUI offense. *Id.* Petitioner's removal proceedings remain ongoing. *Id.*

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview

of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

In the amended petition, Petitioner argues that his re-detention and the manner in which it was carried out violated the Immigration and Nationality Act and procedural due process. FAP at 3–8. Respondents concede that Petitioner was previously released via an Order of Release on Recognizance, and that he is presently subject to discretionary detention under 8 U.S.C. § 1226(a). Return at 2–3; Supp. Brief at 1. However, Respondents contend that Petitioner violated the conditions of his release, resulting in its revocation without any required notice. Supp. Brief at 2. The Court analyzes Petitioner's procedural due process claim below.

### A. Whether Petitioner Had a Protected Liberty Interest

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. A person at risk of suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Courts have identified various ways that a petitioner may be granted some form of release. The decision is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No.: 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025). Parole can be made for humanitarian reasons or for providing a significant public benefit under 8 U.S.C. § 1182(d)(5)(A), or it can be for conditional parole under 8 U.S.C. § 1226(a). *Id.* Courts have recognized that typically, the term "released on their own

recognizance" refers to conditional parole. *Id.*; *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'released on recognizance' as another name for 'conditional parole' under § 1226(a)").

While courts have recognized these as distinct procedures, they have consistently applied the same procedural due process analysis to petitioners under these forms of parole. In the context of 8 U.S.C. § 1182(d)(5)(A), courts have held that such parole status entitles the petitioner to certain due process rights under both procedural due process and the Administrative Procedure Act ("APA"). *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) (finding violation under APA); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) (finding violation under procedural due process). Similarly, for conditional release under § 1226(a), the court in *Pinchi* explained similar procedural due process rights:

> [Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria. The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). [Petitioner] was apprehended by ICE officers when she crossed the border into the United States . . . ICE then released her on her own recognizance. As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined she was neither. [Petitioner's] release from ICE custody constituted an "implied promise" that her liberty would not be revoked unless she "failed to live up to the conditions of her release." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The regulatory framework makes clear that those conditions were that she remain neither a danger to the community nor a flight risk. . . . Accordingly, [Petitioner's] private interest in retaining her liberty is significant.

*Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034–35 (N.D. Cal. 2025). Several district courts have followed suit and found due process violations where the petitioners were specifically identified to be released under Order of Release on Recognizance with an accompanying I-220 form. *See, e.g., C.A.R.V. v. Wofford*, No.: 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where petitioner was originally released on OREC).

The Court agrees with all the foregoing courts and similarly holds that Respondents created a liberty interest in Petitioner when they granted his release.

**B. Petitioner Was Entitled to Pre-Deprivation Due Process**

As this Court explained in *Sanchez v. LaRose*, due process requires not only notice and opportunity to be heard regarding the revocation of a liberty interest, but also that the notice and opportunity be meaningful. No.: 25-cv-2396-JES-MMP, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025). Petitioner alleges that he was not provided notice or an opportunity to be heard prior to his re-detention. FAP at 3. Respondents contend that Petitioner was not entitled to notice before being re-detained because he violated a condition of his previous release when he was arrested for DUI. Supp. Brief at 2.

Respondents have not offered any legal authority "in support of the proposition that [P]etitioner's DUI *arrest* justifies re-detaining him without prior notice or a pre-detention hearing." *Vargas Monsalve v. Chestnut*, No.: 1:26-cv-00626-DAD-CKD, 2026 WL 242066, at *2 (E.D. Cal. Jan. 29, 2026) (emphasis added). "[T]he record is silent as to whether [P]etitioner was even charged after his arrest," but "it is undisputed he was not convicted." *Rodriguez Cruz v. Warden of the Golden State Annex*, No.: 1:26-cv-00348 DAD SCR, 2026 WL 453561, at *2 (E.D. Cal. Feb. 18, 2026). Further, it is undisputed that Petitioner did not receive prior notice or a hearing before his re-detention. *See* FAP at 3; Supp. Brief at 2. Therefore, the Court follows other courts in the Ninth Circuit in concluding that "re-detaining an individual for a pending DUI charge without prior notice or a hearing violates due process." *Marquez v. Chestnut*, No.: 1:26-cv-00988-DAD-CSK, 2026 WL 326811, at *1 (E.D. Cal. Feb. 6, 2026); *see also Vargas Monsalve*, 2026 WL

242066, at *2; *Rodriguez Cruz*, 2026 WL 453561, at *2; *Quiroz v. Larose*, No.: 26-CV-866 JLS (DEB), 2026 WL 673822, at *3 n.2 (S.D. Cal. Mar. 10, 2026).

Accordingly, the Court finds that Respondents violated Petitioner's due process rights when they re-detained him in August of 2026.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus and does not reach the remainder of Petitioner's claims, as the requested relief is granted. Because the Court grants the petition on the due process grounds and concludes that Respondents' revocation of Petitioner's prior release violates procedural due process, Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his preexisting release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **December 2, 2026**, confirming that Petitioner has been released.

**IT IS SO ORDERED.**

Dated: November 25, 2026

Honorable James E. Simmons Jr.
United States District Judge